RICHARD MURPHY, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover for injuries alleged to have been caused by defendant's negligence to plaintiff, a car repairer in the employ of the R. W. & O. R. R. Co., it appeared that plaintiff was at work between two cars standing on a side track, repairing the bumper of one of them, which was separated about six inches from the bumper of the other. He was supporting himself with one hand over the end of the bumper, when an unattended freight car, moved down on the track by D., an employe of defendant, who had charge of an engine engaged in making up a train, ran against the car in front of which plaintiff was at work, causing the bumpers to come together, and so crushing his arm. D. had called plaintiff's attention that morning to the car, and asked him to repair it, and before going to work plaintiff had posted his danger flag as required, in the proper place on the front car, so that it could be plainly seen. *Held*, that the question of defendant's negligence and of contributory negligence on plaintiff's part were properly submitted to the jury; that plaintiff's manner of working could not, under the circumstances be said to be negligence as a matter of law, as he had the right to suppose defendant's servants would discharge their duty and not disregard his signal flag.

Also, *held*, the fact the brakes of the two cars were not set or the cars properly secured as required by the rules of the company, did not, as matter of law, convict plaintiff of negligence, as, by the rules of the company, the duty to attend to this was not imposed upon him, but the station agent.

Reported below (51 Hun, 242).

(Argued January 21, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order

made April 30, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*C. D. Prescott* for appellant.    The injury was the result of plaintiff's own negligence, and he should not have recovered. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330, 332 ; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Gorton* v. *E. R. Co.*, 45 id. 664 ; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 465, 471 ; *Ernst* v. *H. R. R. R. Co.*, 39 id. 61, 68 ; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 7 Hun, 559 ; *Spaulding* v. *Jarvis*, 32 id. 621 ; *Davenport* v. *B. C. R. R. Co.*, 100 N. Y. 632 ; *Adolph* v. *C. P. & N. & E. R. R. Co.*, 76 id. 530 ; *Salter* v. *U. & B. R. R. R. Co.*, 75 id. 273 ; *Sammon* v. *N. Y & H. R. R. Co.* 62 id. 255 ; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 id. 137 ; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 59 id. 471–2 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 455 ; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 id. 400; *Johnson* v. *H. R. R. R. Co.*, 20 id. 71; *Button* v. *H. R. R. R. Co.*, 18 id. 248; *Holbrook* v. *U. & S. R. R. Co.*, 12 id. 236; *Thompson* v. *N. Y. C. & H. R. R. R. Co.*, 33 Hun, 16.) The injury was the result of plaintiff's own act and carelessness, and he cannot recover for same.    (*Gibson* v. *E. R. R. Co.*, 63 N. Y. 452 ; *DeGraff* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 125 ; *DeForest* v. *Jewett*, 88 id. 264 ; *Slater* v. *Jewett*, 85 id. 61 ; *Kennedy* v. *M. R. R. Co.*, 33 Hun, 457; 100 U. S. 213 ; *Warner* v. *E. R. Co.*, 39 N. Y. 468.)    The accident was the result of negligence of the fellow-servants of plaintiff, and so plaintiff cannot recover.    (3 Wood on Railway Law, 1501 ; *Slater* v. *Jewett*, 85 N. Y. 61; 39 Am. Rep. 627 ; *Ross* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 617 ; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 481, 484 ; *Wright* v. *N. Y. C. & H. R. R. R. Co.*, 25 id. 562, 565 ; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 181 ; *Burke* v. *De-*

*Castro*, 11 Hun, 354 ; *Olson* v. *Clyde*, 32 id. 425 ; *Warner* v. *E. R. Co.*, 39 N. Y. 468.)     The defendant is not liable for plaintiff's injury. (*Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243 ; *Devlin* v. *Smith*, 89 id. 470 ; *Coyle* v. *Pierrepoint*, 33 Hun, 312 ; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181 ; *Burke* v. *DeCastro*, 11 Hun, 354 ; *Lowery* v. *B. C. & N. R. R. Co.*, 76 N. Y. 28 ; *Nicholson* v. *E. R. Co.*, 41 id. 525 ; *P. & R. Co.*, v. *Hummell*, 44 Penn. St. 375 ; *Motze* v. *N. Y. C. & H. R. R. R. Co.*, 1 Hun, 417 ; *Harty* v. *N. J. C. R. R. Co.*, 42 N. Y. 468.)

*McMahon & Curtin* for respondent. The defendant, by its servants, in charge of engine 457, was guilty of culpable negligence in shifting the car from the cattle branch to the southerly branch, and driving it a distance of at least 339 feet, with no brakeman upon it to guide it and arrest its course. (*Weber* v. *R. R. Co.*, 58 N.Y. 451, 455 ; *Hart* v. *Bridge Co.*, 80 id. 622 ; *Payne* v. *R.'R. Co.*, 83 id. 572-574 ; *Bernhard* v. *R. R. Co.*, 1 Abb. Ct. App. Dec. 131 ; *Canfield* v. *B. & O. R. R. Co.*, 93 id. 537 ; *Bills* v. *N. Y. C. R. R. Co.*, 84 id. 10 ; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 530 ; *Webb* v. *K. R. R. Co.*, 57 Me. 117 ; *Clement* v. *Caulfield*, 28 Vt. 302 ; *Michigan Central* v. *Kanuse*, 39 Ill. 272 ; *Parker* v. *Jervis*, 3 Abb. Ct. App. Dec. 449 ; *Besiegel* v. *R. R. Co.*, 40 N. Y. 9 ; *Rounds* v. *D., L. & W. R. R. Co.*, 5 T. & C. 480.) There was no contributory negligence on the part of plaintiff. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 307 ; *Roll* v. *N. C. R. R. Co.*, 15 Hun, 501 ; *Gray* v. *G. T. R. Co.*, 8 N. Y. Wkly. Dig. 372 ; *Jetter* v. *N. Y. C. & H. R. R. R. Co.*, 2 Keyes, 161 ; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522 ; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9, 10, 28 ; 1 S. & R. on Neg. [4th ed.] 139, § 91 ; *Renwick* v. *N. Y. C. R. R. R. Co.*, 36 id. 132 ; *Tiler* v. *N. Y. C. R. R. Co.*, 49 id. 47 ; *Coleman* v. *S. Ave. R. R. Co.*, 41 Hun, 380 ; *Bassett* v. *Fish*, 75 N. Y. 303 ; *Clayards* v. *Dethick*, 12 Q. B. 439.) The plaintiff and the servants of defendant were not co-employees. (Wood on Master & Servant, 807-8, § 424 ; Id., 835, § 435 ; *K. P. R. R. Co.* v. *Sul-*

*mon,* 11 Kan. 83; *Yeomans* v. *C. C. S. N. Co.,* 44 Cal. 71; *Sadler* v. *Hemlock,* 4 E. & B. 576; *Swinson* v. *A. S. S. Co.,* 57 N. Y. 108; 2 Thompson on Neg. 1026; S. & R. on Neg. [4th ed.] 384, § 225; *Abraham* v. *Reynolds,* 5 H. & N. 143; *Warburton* v. *G. W. R. Co.,* L. R. [2 Exch.] 30; *Sawyer* v. *R. & B. R. Co.,* 27 Vt. 370; *Young* v. *N. Y. C. R. R. Co.,* 30 Barb. 229; *Smith* v. *N. Y. & H. R. R. Co.,* 19 N. Y. 127; *Sullivan* v. *T. R. R. Co.,* 21 N. Y. S. R. 827.)

Haight, J. This action was brought to recover damages for a personal injury.

The plaintiff was in the employ of the Rome, Watertown and Ogdensburg Railroad Company, and, on the day of the injury, was engaged in repairing a car which was standing upon the south branch track of that company's yard at Rome; the car stood about 417 feet west of the switch by which this track was entered, and was the second westerly car of quite a number that stood upon this branch. He was engaged on the west end of the car in turning a nut upon a bolt between the bumpers of the car, and, in doing so, supported himself with one hand hold of the bumper over the end thereof, whilst he worked a wrench with the other hand, and at this instant an unattended freight car moved down from the switch, on a slightly descending grade, colliding with the car in front of the one upon which the plaintiff was working, thus driving his car against the one in the rear, causing the bumpers to come together, which were about six inches apart, crushing his arm.

The defendant had an engine and crew under the charge of one Deming, who were engaged in picking up the cars that were marked to go east over the defendant's road, and, in so doing, it is claimed, on behalf of the plaintiff, that they backed down on an adjoining track, known as the "cattle track," where they coupled onto three cars nearly opposite of the place where the plaintiff was at work; that they drew the cars east of the switch, entering the south branch, then turned the switch, uncoupled the rear car and backing up,

shunted it down on the south branch against the cars where the plaintiff was at work. Upon the part of the defendant it is claimed that these cars stood upon the cattle track east of the switch; that the rear car was not coupled onto the other cars, and that the brakes were not set upon it; that the engine was backed up slowly, hitched onto the two cars which were marked to go east upon the defendant's road; that they were drawn out upon the main track, and that the rear or third car was left standing there, and that it commenced to move west down the branch, and thus in that way collided with the cars upon which the plaintiff was working.

Upon these claims, there was a conflict in the evidence which the trial court submitted to the jury with proper instructions, satisfactory to the parties and not excepted to. The jury found a verdict for the plaintiff, upon which a judgment was entered. The trial court denied a motion for a new trial, and both such order and judgment have been affirmed by the General Term, thus finally disposing of the questions of fact, leaving no further right of review.

It was further claimed on the part of the plaintiff that Deming knew that the plaintiff was at work repairing the car upon the south branch; that he had called plaintiff's attention to it that morning and asked him to repair it, so that it could be taken east upon the defendant's road that afternoon; that plaintiff had also posted his danger flag upon the car in front of him so that it could be plainly seen from the switch, thus warning the defendant's servants not to run cars down upon it. These claims were hotly contested upon the trial, and also became questions of fact which were submitted to and disposed of by the jury.

Under these circumstances, a motion for a non-suit was properly denied. The question of the defendant's negligence became one for the jury. Assuming, as we must upon this review, that the facts were as testified to by the plaintiff's witnesses, the defendant's conductor, Deming, was guilty of negligence in shunting an unattended freight car down upon the branch track against the cars under which the plaintiff

was working, when he knew he was at work there, or could have seen his warning flag by looking.

Under the circumstances, the question of the plaintiff's contributory negligence was also a question for the jury. He had posted his flag in the proper place; it was necessary for him to be under the car in part, in order to make the necessary repairs. The taking hold of the bumper with one hand, for the purpose of supporting himself, whilst he worked the wrench with the other, under the peculiar circumstancs of this case, could not be said to be negligence, as a matter of law, for he had the right to suppose that the defendant's servants would discharge their duty and would not disregard his signal flag. Neither do we regard his neglect to set the brakes of the car on which he was at work, or the one in front of it, as necessarily negligent. It is true that one of the rules of the company, for which the plaintiff was at work, required the station agent to see that the brakes were set and properly secured on cars standing at their station, so as to avoid the possibility of their being blown onto the main track. The plaintiff, however, was not the station agent; neither was it his duty to attend the switches or set the brakes upon the cars at the station. He was a car repairer. These cars stood at a distance from the switch, on a down grade therefrom, and were in no immediate danger of being blown up grade onto the main track. Furthermore, we are not satisfied, from the evidence, that the setting of the brakes upon these cars would have prevented the accident. The bumpers were but six inches apart, and, unless the force of the colliding car was very slight, it would have moved the cars sufficiently, even with the brakes set, to bring these bumpers together. It is true that the witness Wolverton, who was a brakeman in the employ of the defendant, gave it as his opinion that the cars would not have come together had the brakes been set; but this opinion was based upon no fact which made him a competent judge. He did not see the car in motion that collided with the cars on which the plaintiff was at work, for, at the time, he himself was under the car assisting the plaintiff.

We have examined the exceptions made to the charge of the court, but we are of the opinion that none call for a reversal of the judgment.

The judgment should, therefore, be affirmed with costs.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.

